IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| EARNEST JOHNSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-14-00361 |
| | § | |
| BAY VILLA NURSING HOME, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Earnest Johnson, brings this action against defendant, Bay Villa Nursing Home, for negligence and negligent hiring.[1] Pending before the court is Defendant's Motion to Dismiss or, Alternatively, Motion for Summary Judgment (Docket Entry No. 3). For the reasons explained below, defendant's motion for summary judgment will be granted.

### I. Factual and Procedural Background

Plaintiff alleges that on or about July 7, 2012, he was a hemi-paraplegic patient at Bay Villa Nursing Home, where he suffered injury in a fall when a staff member improperly placed him in a standing position, bare foot on a wet shower floor without any physical support or supportive device prior to transferring him to a shower chair. Plaintiff alleges that the fall caused him to

---

[1] Plaintiff's Original Petition, Exhibit 2 at p. 3 attached to Notice of Removal, Docket Entry No. 1.

suffer a fractured left hip that required surgery to repair, as well as great physical and mental pain, suffering, and anguish that in all probability will continue in the future.[2]

On July 7, 2014, plaintiff filed suit in Texas state court (Cause No. 14-H-0318) in the 23rd Judicial District Court of Matagorda County, Texas.[3] Plaintiff's state court Petition asserts claims against his health care provider for negligence and negligent hiring.[4]

On November 12, 2014, defendant filed a Notice of Removal (Docket Entry No. 1), pursuant to which this action was transferred from state to federal court. The Notice of Removal asserts that "[t]his removal is proper and authorized because there is complete diversity of citizenship between the parties, which confers this Court jurisdiction as provided under 28 U.S.C. § 1441(b) and 28 U.S.C. § 1332(a)."[5] Defendant also asserts that "[t]he amount in controversy exceeds $75,000, exclusive of interest and costs."[6]

On November 19, 2014, defendant filed the pending motion to dismiss or, alternatively, motion for summary judgment (Docket Entry No. 3). Referenced in defendant's motion are two exhibits

---

[2]Id. at 2.

[3]Id. at 1.

[4]Id. at 3.

[5]Notice of Removal, Docket Entry No. 1, p. 2.

[6]Id.

that evidence matters outside of the pleadings. Because defendant's motion relies on materials outside of the pleadings, Rule 12(b) directs the court to treat the motion as one for summary judgment and to dispose of it under Rule 56. See Fed. R. Civ. P. 12(b). See also Washington v. Allstate Insurance Co., 901 F.2d 1281, 1283-1284 (5th Cir. 1990) ("Where matters outside the pleadings are considered by the district court on a motion to dismiss, Rule 12(b) requires the court to treat the motion as one for summary judgment and to dispose of it as required by Rule 56.").

## II. Standard of Review

Summary judgment is authorized if the movant establishes that there is no genuine dispute about any material fact and the law entitles it to judgment. Fed.R.Civ.P. 56(c). See also Celotex, 106 S.Ct. at 2552. An issue of material fact is genuine if a reasonable jury could return a verdict for the nonmovant. Anderson v. Liberty Lobby, 106 S.Ct. 2505, 2510 (1986). In reviewing the evidence, the court must draw all reasonable inferences in favor of the nonmoving party, and avoid credibility determinations and weighing of the evidence. Reeves v. Sanderson Plumbing Products, Inc., 120 S.Ct. 2097, 2110 (2000). The court must also disregard all evidence favorable to the moving party that the jury is not required to believe. Id.

### III. Defendant's Motion for Summary Judgment

Defendant moves for summary judgment based on want of proper and timely service of process.[7] Defendant argues that any claims plaintiff is attempting to assert based on the events of July 7, 2012, should be dismissed as barred by limitations because plaintiff did not file his original petition until July 7, 2014, the last day that he could timely file his lawsuit, and because plaintiff did not attempt to serve defendant until over three months later, on October 8, 2014.[8] Defendant has attached evidence that it argues plainly establishes that the plaintiff has failed to exercise diligence in procuring service of citation.

### A.  Applicable Law

In order to bring suit within the applicable limitations period, a Texas plaintiff must both file suit within the limitations period and use due diligence to serve the defendant with process. Gant v. DeLeon, 786 S.W. 2d 259, 260 ( Tex. 1990) (per curiam) (citing Zale Corp. v. Rosenbaum, 520 S.W.2d 889, 890 (Tex. 1975) (per curiam)). See also Ashley v. Hawkins, 293 S.W.3d 175, 179 (Tex. 2009); Carter v. MacFayden, 93 S.W.3d 307, 313

---

[7]Defendant's Motion for Summary Judgment, Docket Entry No. 3, pp. 8-10.

[8]Id. at 9 (Defendant asserts that "[s]ervice was first attempted on Defendant via certified mail purportedly sent on October 8, 2014. (See 'Exhibit A')."

(Tex.App.—Houston [14th Dist.] 2002, pet. denied]. If a plaintiff files suit within the limitations period, but serves the defendant after the limitations period has expired, the date of service relates back to the date of filing only if the plaintiff exercises due diligence in obtaining service. Gant, 786 S.W.2d at 259-260. See also Belleza-Gonzalez v. Villa, 57 S.W.3d 8, 11 (Tex.App.-Houston [14th Dist.] 2001, no pet.).

When a defendant asserts the defense of limitations and shows that the plaintiff failed to timely serve the defendant, the burden shifts to the plaintiff to explain the delay. Murray v. San Jacinto Agency, Inc., 800 S.W.2d 826, 830 (Tex. 1990). See also Proulx v. Wells, 235 S.W.3d 213, 215 (Tex. 2007). "Thus, it is the plaintiff's burden to present evidence regarding the efforts that were made to serve the defendant, and to explain every lapse in effort or period of delay." Proulx, 235 S.W.3d at 216 (citing Gant, 786 S.W.2d at 260).

Once the plaintiff presents an explanation, the burden shifts back to the defendant to show why that explanation is insufficient as a matter of law. Murray, 800 S.W.2d at 830; Proulx, 235 S.W.3d at 216. If the plaintiff shows diligence, then the defendant must show why that exercise was insufficient to relate the date of service back to the date of filing. Belleza-Gonzalez, 57 S.W.3d at 11. See also Carter, 93 S.W.3d at 313. A plaintiff is not required to use the highest degree of diligence to procure service,

but is required to use the degree of diligence that "an ordinarily prudent person would have used under the same or similar circumstances." Belleza-Gonzalez, 57 S.W.3d at 12. "Generally, the question of diligence is a question of fact, 'but if no excuse is offered for a delay in the service of citation, or if the lapse of time and the plaintiff's acts are such as conclusively negate diligence, a lack of diligence will be found as a matter of law.'" Belleza-Gonzalez, 57 S.W.3d at 12. See Proulx, 235 S.W.3d at 216 ("In some instances, the plaintiff's explanation may be *legally* improper to raise the diligence issue and the defendant will bear no burden at all.").

### B.  Application of the Law to the Facts

Plaintiff has alleged state law claims for injuries arising from negligence and negligent hiring of his health care provider. These claims are both subject to a two-year statute of limitations. See Tex. Civ. Prac. & Rem Code § 16.003(a) (two-year limitations period for personal injury) and § 74.251(a) (two-year limitations period for health care liability claims). Defendant asserts that pursuant to Texas's two year limitations period, July 7, 2014, was the last day for plaintiff to file suit for claims arising from events that occurred on July 7, 2012. See Price v. City of San Antonio, Texas, 431 F.3d 890, 893 (5th Cir. 2005) (recognizing that § 16.003 requires a claim to be brought no later than the same

calendar day two years following the accrual of the cause of action). Defendant argues that even though plaintiff timely filed his petition within the two year statute of limitations, this action is nevertheless barred by limitations because plaintiff did not exercise diligence in serving the defendant.[9] Defendant argues that

> "[o]nce the defendant establishes that the plaintiff did not serve the complaint within the two-year limitations period, the burden shifts to the plaintiff to produce summary judgment evidence raising a fact question as to whether the plaintiff used due diligence in attempting to procure timely service on the defendant."[10]
>
> . . . Plaintiff filed his suit on the two-year anniversary of his alleged personal injury; i.e., on the last day he could timely file his lawsuit. Service was first attempted on Defendant via certified mail purportedly sent on October 8, 2014. (*See* Exhibit "A"). Even assuming this service was proper, the burden shifts to Plaintiff to establish that he exercised due diligence in the intervening three months in effectuating service. He cannot establish this.[11]

Exhibit A to defendant's motion includes both a copy of the Citation that Matagorda County, Texas, issued in this case on July 7, 2012, and a copy of a cover letter dated October 8, 2014, along with a copy of the Plaintiff's Original Petition, Citation, Officer's Return, and mailing label addressed to defendant post-marked October 3, 2014. Asserting that "[d]efendant has maintained

---

[9]*Id.* at 9-10.

[10]*Id.* at 9.

[11]*Id.*

a registered agent on file with both the Texas Secretary of State and the Texas State Comptroller since 2004 . . . (See 'Exhibit B')," [12] defendant argues that "[i]n light of this easily obtainable information, Plaintiff's multiple month delay cannot be explained away." [13] Exhibit B to defendant's motion consists of two pages: the first page shows defendant's franchise account status with the Office of the Comptroller for the State of Texas, and the second page shows that defendant has a registered agent on file with the Texas Secretary of State.

Almost four months have passed since defendant filed the pending motion to dismiss or, alternatively, motion for summary judgment on November 19, 2014. More than three months have passed since plaintiff's response to the pending motion was due twenty days later. But plaintiff has not responded to defendant's motion. Local Rule 7.3 provides that: "Opposed motions will be submitted to the judge twenty days from filing without notice from the clerk and without appearance by counsel." S.D. Tex. R. 7.3 (2000). Local Rule 7.4 provides:

> Failure to respond will be taken as a representation of no opposition. Responses to motions
>
> A.   Must be filed by the submission day;
> B.   Must be written;
> C.   Must include or be accompanied by authority; and

---

[12] Id.

[13] Id.

    D.    Must be accompanied by a separate form order denying the relief sought.

S.D. Tex. R. 7.4 (2000). In accordance with Local Rule 7.4, the court takes plaintiff's failure to respond to the defendant's motion for summary judgment as a representation of no opposition to defendant's summary judgment evidence.

Although a district court may not grant summary judgment by default simply because there is no opposition to the motion, the court may accept as undisputed the movant's version of the facts and grant a motion for summary judgment when the movant has made a prima facie showing of entitlement to summary judgment. See John v. State of Louisiana (Board of Trustees for the State Colleges and Universities), 757 F.2d 698, 708 (5th Cir. 1985) (when the movant's summary judgment evidence establishes its right to judgment as a matter of law, the district court is entitled to grant summary judgment absent unusual circumstances); and Eversley v. Mbank Dallas, 843 F.2d 172, 174 (5th Cir. 1988)(when the nonmovant fails to respond to a motion for summary judgment, the court does not err by granting the motion when the movant's submittals make a prima facie showing of entitlement to judgment as a matter of law).

Plaintiff offers no reason for the nearly three month delay between July 7, 2014, and October 8, 2013, during which he took no action to insure that service was properly effected on the defendant. The undisputed facts in this case are similar to those in Boyattia v. Hinojosa, 18 S.W.3d 729, 732-734 (Tex.App.–Dallas

2000, pet. denied), where the plaintiff filed a lawsuit the day before the statute of limitations expired, the clerk's office failed to forward the citation for service, and the plaintiff allowed a period of time to lapse before taking any action to insure that the defendants were properly served. In Boyattia the court held that the clerk's failure to issue citation within three months was unreasonable and that the plaintiff's failure to take any actions to effect service during the clerk's three month delay constituted a lack of diligence as a matter of law. Id. at 734 (unexplained three-month delay is lack of diligence as a matter of law).

In determining the issue of diligence, courts look to whether a party's actions manifest a "bona fide intention" to have process served. Boyattia, 18 S.W.3d at 732-734. A party who wholly ignores his duty to have the defendant served during a lengthy period of time does not manifest a bona fide intention to have process served. Id. Therefore, the court concludes that the unexplained failure of plaintiff's counsel to take any action to effect service on the defendant from July 7, 2014, to October 8, 2014, constitutes a lack of diligence as a matter of law. Id. (concluding that unexplained three month period of delay constituted lack of diligence as a matter of law). Accordingly, the court concludes that the claims that plaintiff has asserted for negligence and negligent hiring are barred by limitations because

even assuming without deciding that service by mail was proper, the date that service was effected on the defendant does not relate back to the date plaintiff's original petition was filed, i.e., July 7, 2014.

### IV. Conclusions and Order

For the reasons explained above the court concludes: (1) that Defendant's Motion to Dismiss or, Alternatively, Motion for Summary Judgment (Docket Entry No. 3), should be treated as a motion for summary judgment and disposed of pursuant to Federal Rule of Federal Procedure 56; and (2) that plaintiff's claims for negligence and negligent hiring are barred by the statute of limitations. Accordingly, Defendant's Motion for Summary Judgment (Docket Entry No. 3) is **GRANTED**.

**SIGNED** at Houston, Texas, this 12th day of March, 2015.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE